IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Oscar Nava, individually and on behalf of all similarly situated employees, Plaintiff
v.
Barton Staffing Solutions, Inc. Defendant

## COMPLAINT

The Plaintiff Oscar Nava ("Plaintiff"), individually and on behalf of all similarly situated employees, through 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS § 175 et seq., the Illinois Day and Temporary Labor Services Act ("IDTLSA") complains against Barton Staffing Solutions, Inc. ("BSS"), states:

### JURISDICTION AND VENUE

1. This Honorable Court has subject matter jurisdiction over the federal wage claim through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

2. This Honorable Court has supplemental jurisdiction over the Illinois wage claim through 28 U.S.C. § 1367 because it is so related to Plaintiff's federal claim that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## **THE PARTIES**

### **Plaintiff**

4. Plaintiff's Notice to Become a Party Plaintiff in a Collective Action under the FLSA is attached as Exhibit A

5. During the course of employment:

    a. Plaintiff resided and was domiciled in this judicial district;

    b. Plaintiff worked for BSS from approximately 2006 to July 17, 2015;

    c. Plaintiff was a BSS "employee" as defined by Illinois and federal law;

    d. Plaintiff was a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS § 175/5, and was employed by Defendant to provide services to third-party client companies;

    e. Plaintiff was employed by Defendant to provide services to third-party client company Ace Coffee Bar, Inc. at 601 E. Lake Street, Streamwood, Illinois.

    f. Plaintiff's job functions included operating machinery;

    g. Plaintiff's work activities engaged Plaintiff individually in commerce because Plaintiff handled goods that moved in interstate commerce such as equipment and supplies.

    h. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Defendant scheduled Plaintiff to work in excess of forty (40) hours per week in one or more individual work weeks;

    i. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff did work in excess of forty (40) hours per week in one or more individual work weeks;

j.  In the three (3) years prior to Plaintiff filing his Complaint, other class members employed by Defendant also worked in excess of forty (40) hours per week, up to fifty (50) hours per week in one or more individual work weeks;

k.  Plaintiff did not receive overtime wages despite working more than forty (40) hours weekly;

l.  Although Defendant scheduled Plaintiff to work in excess of forty (40) hours per week, Defendant did not pay Plaintiff overtime wages at a rate of one and one-half his regular hourly rate of pay for all hours worked in excess of forty (40) hours. Instead, Defendant paid Plaintiff his regular rate per hour for all time worked, including hours worked in excess of forty (40) hours per week;

m.  Plaintiff's regular rate was $10.00 per hour until it was later increased to $11.50 per hour.

n.  Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance; and

o.  Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA, or the IMWL.

### Defendant

6.  BSS is an "enterprise" by the FLSA's definition, owned and operated a staffing agency within this judicial district, and is engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

7.  Defendant has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients companies pursuant to contracts between itself and the third party client companies.

8. Defendant has been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS § 175/5.

9. Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3

10. BSS has had, during the relevant employment period, at least two employees who have handled goods which have moved in interstate commerce.

11. Upon information and belief, BSS's annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

12. Defendant devised and maintained a companywide policy of failing to pay certain employees earned overtime wages.

## COUNT I: FLSA OVERTIME WAGE VIOLATION

13. Plaintiff incorporates all preceding paragraphs as if fully restated.

14. This Count arises from Defendant's willful FLSA violation for failure to pay Plaintiff and other similarly situated employees all earned overtime wages.

15. Through 29 U.S.C. § 216(b), this action may be maintained by any Plaintiff damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

16. Plaintiff was directed by Defendant to work, and did work, over forty (40) hours weekly.

17. Because Plaintiff worked over forty (40) hours weekly and was non-exempt from overtime wages, Plaintiff was entitled to received overtime wages.

18. All past and present employees of Defendant who performed non-exempt work and were not paid overtime wages are similarly situated to Plaintiff, because Defendant applied its illegal compensation policies, on a company-wide basis.

19. Defendant's failure to pay overtime wages was willful because Defendant did not act in good faith and had no reasonable grounds for believing that failing to pay overtime wages was not a FLSA violation.

20. Through 29 U.S.C. § 255(a), Plaintiff and other similarly situated employees are entitled to all unpaid overtime wages for up to three (3) years from the date of this complaint's filing because Defendant's FLSA violation was willful.

21. Through 29 U.S.C. § 260, Plaintiff and other similarly situated employees are entitled to recover liquidated damages because Defendant's FLSA violation was willful.

WHEREFORE, Plaintiff individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Determine that this action may be maintained as a collective action through the FLSA.

B. Award all unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees over forty (40) hours weekly;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare that Defendant violated the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant any other relief deemed just.

## COUNT II: IMWL OVERTIME WAGE VIOLATION

22. Plaintiff incorporates all preceding paragraphs as if fully restated.

23. This Count arises from Defendant's IMWL violation for failure to pay Plaintiff and other similarly situated employees their earned overtime wages.

24. Plaintiff and similarly situated employees are entitled to be paid for all work performed.

25. Defendant directed Plaintiff to work and Plaintiff worked, over forty (40) hours weekly.

26. Defendant violated the IMWL by failing to compensate Plaintiff and similarly situated employees overtime wages for all hours worked over forty (40) weekly.

27. Through 820 ILCS § 105/12(a), Plaintiff is entitled to all unpaid overtime wages for three (3) years before this suit's filing whether Defendant's IMWL violation was willful or not.

28. Through 815 ILCS § 205/2, Plaintiff are entitled to recover interest for three (3) years before this suit's filing whether Defendant's IMWL violation was willful or not

WHEREFORE, Plaintiff individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Award Statutory damages as set forth in 820 ILCS § 105/12(a);

B. Award Statutory interest as set forth in and 815 ILCS § 205/2;

C. Declare that Defendant violated the IMWL;

D. Award reasonable attorneys' fees and costs; and

E. Grant any other relief deemed just.

## COUNT III: IDTLSA WAGE PAYMENT NOTICE VIOLATION

29. Plaintiff incorporates all preceding paragraphs as if fully restated.

30. This Count arises from Defendant's IDTLSA violation for failure to provide Plaintiff and other similarly situated employees a proper wage payment and notice ("notice").

31. Defendant employed and assigned Plaintiff and similarly situated employees to work at a third-party client company.

32. Defendant was obligated to provide Plaintiff and similarly situated employees a proper notice showing the name, address, and telephone number of each third party client at which the day or temporary laborer worked, the number of hours worked at each third party client each day during the pay period, the rate of payment for each hour worked, and all deductions.

33. Defendant violated the IDTLSA (820 ILCS § 175/30) by failing to provide Plaintiff and similarly situated employees with a proper notice.

34. Defendant's violations prevented Plaintiff and similarly situated employees from determining whether wages were paid properly.

WHEREFORE, Plaintiff individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Declare that Defendant violated 820 ILCS § 175/30;

B. Award Statutory damages up to $500.00 for each violation of 820 ILCS § 175/30;

C. Award reasonable attorneys' fees as provided by 820 ILCS § 175/95;

D. Grant any other relief deemed just.

Respectfully submitted,

**/s/ Valentin T. Narvaez**
Valentin T. Narvaez (6300409)
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-878-1302
vnarvaez@yourclg.com