UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSCAR NAVA, individually and on behalf of all similarly situated employees, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 15 C 7350 |
| v. | )<br>) Judge Sara L. Ellis |
| BARTON STAFFING SOLUTIONS, INC., | )<br>) |
| Defendant. | ) |

## ORDER

Defendant Barton Staffing Solutions, Inc.'s motion to dismiss [7] is denied. Barton Staffing Solutions, Inc.'s answer to the complaint is due on January 26, 2016. See statement for further details.

## STATEMENT

On August 21, 2015, Plaintiff Oscar Nava filed a complaint against Defendant Barton Staffing Solutions, Inc. ("Barton"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1 *et seq.*, and the Illinois Day and Temporary Labor Services Act ("IDTLSA"), 820 Ill. Comp. Stat. 175/1 *et seq.* Nava alleges that he worked for Barton as a day or temporary laborer from 2006 to July 17, 2015, providing services through Barton to a third-party client, Ace Coffee Bar, Inc. in Streamwood, Illinois. Nava claims that throughout his employment, including in the three years prior to filing the complaint, Barton scheduled him to work over forty hours in one or more weeks, that he worked more than forty hours in those weeks, and that he was paid his regular rate (initially $10 per hour and then later $11.50 per hour) instead of overtime wages of time and a half for any hours he worked over forty in those weeks. Nava contends that Barton's failure to pay overtime wages was willful because it did not act in good faith and had no grounds to believe that not properly paying overtime complied with the FLSA. His claims are purportedly brought not only on his own behalf but also on behalf of other similarly situated employees, as Nava contends that Barton maintained a companywide policy of not properly paying overtime to its employees.

Barton has moved to dismiss Nava's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's

favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

First, Barton argues that Nava's claim for overtime compensation under the FLSA is deficient because his allegations are conclusory and do not include, for example, reference to time or dates or indicate whether Nava was paid overtime at all or merely was paid his regular rate for overtime worked. But Nava's allegations are sufficient to meet the Rule 8 pleading requirements and put Barton on notice of the claims asserted against it. Nava has alleged that he worked for Barton (the only Defendant named, despite the fact that the complaint uses the plural "Defendants" in two places, a scrivener's error as admitted by Nava in his response) and that in the three years prior to filing his complaint, he regularly worked over forty hours per week but continued to be paid his regular pay rate, and not time and a half, for those additional hours. Doc. 1 ¶ 5. Despite Barton's claim that it cannot discern if Nava is claiming he was never paid for the overtime or if he was only paid the regular rate, Nava specifically alleges (and Barton even quotes the allegation in its response) that Barton only paid him his regular rate, and not time and a half, for the overtime he worked. *See* Doc. 1 ¶ 5(l); Doc. 8 at 5 (Barton's memorandum quoting ¶ 5(l) of Nava's complaint). Nava need not allege anything more to put Barton on notice of his FLSA claim.[1] *See Victoria v. Alex Car, Inc.*, No. 11 C 9204, 2012 WL 1068759, at *5 (N.D. Ill. Mar. 29, 2012) ("[T]here is no rule of law that requires Plaintiffs to allege their hourly wage [and] the dates on which the alleged violations took place[.]"); *Sanchez v. Haltz Constr., Inc.*, No. 09 C 7531, 2012 WL 13514, at *3 (N.D. Ill. Jan 4, 2012) (allowing FLSA claim to proceed where plaintiffs alleged that "they 'routinely' worked more than 40 hours per week without receiving overtime pay, and that the amount of compensation they did receive for the work they performed fell below the minimum-wage requirement," noting that "wage cases [ ] are not so complicated that they require significant factual allegations"); *Nicholson v. UTi Worldwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2010 WL 551551, at *4 (S.D. Ill. Feb. 12, 2010) (plaintiff need not allege "details of dates, times and allegedly unpaid overtime wages" to sufficiently plead an overtime claim).

Next, Barton argues that Nava's allegations are insufficient to state a claim for a willful violation of the FLSA.[2] The FLSA provides that claims may be brought within two years of

---

[1] Barton also requests that the Court require Nava to file a more definite statement with respect to the time and place of the alleged overtime pay violations, but because the Court has found these allegations to be sufficient and to place Barton on notice of the claims against it so as to allow it to file a responsive pleading, the Court denies this request.

[2] Barton references Rule 9 in the heading of its argument relating to willfulness but does not make any argument related to the need to comply with Rule 9 in alleging willfulness. The Court will not address

2

accrual, except that claims arising out of a willful violation may be brought within three years of accrual. 29 U.S.C. § 255(a). An employer acts willfully where it "knows or shows reckless disregard for whether [its] actions are unlawful under the FLSA." *Bankston v. Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995). Nava seeks to benefit from the three-year statute of limitations by pleading that Barton's conduct was willful "because Defendant did not act in good faith and had no reasonable grounds for believing that failing to pay overtime wages was not a FLSA violation." Doc. 1 ¶ 19. Nava also alleges that Barton "devised and maintained a companywide policy of failing to pay certain employees earned overtime wages." *Id.* ¶ 12. Whether Nava has sufficiently pleaded willfulness to take advantage of the three-year statute of limitations is an affirmative defense that need not be anticipated in the pleadings. *Victoria*, 2012 WL 1068759, at *5. Although Nava's allegations related to willfulness are relatively conclusory, the Court will allow discovery to determine whether the statute of limitations should be extended from two to three years based on willful conduct. *See Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2013 WL 5433593, at *5 (N.D. Ill. Sept. 30, 2013) (allowing collective action notice for three-year period where plaintiffs alleged willful violation "without stating facts that show that [defendant's] violations were knowing or reckless," for "[c]ourts have held that a conclusory willfulness allegation is sufficient to justify providing notice to the putative class on the basis of the potentially applicable three-year period"); *see also Regan v. City of Charleston, S.C.*, No. 2:13-cv-3046-PMD, 2014 WL 3530135, at *4 (D.S.C. July 16, 2014) ("[A]ny facts relevant to the alleged willfulness of the [defendant's] conduct must be elicited during the course of discovery. . . . If the alleged violations are ultimately found not to have been willful in nature, the two-year statute of limitations will apply and Plaintiffs' respective claims may be limited or time-barred accordingly." (citations omitted)); *Martinez v. Regency Janitorial Servs.*, No. 11-C-259, 2011 WL 4374458, at *5 (E.D. Wis. Sept. 19, 2011) (refusing to dismiss complaint where it alleged in conclusory terms that FLSA violations were willful while noting that even if such allegations were lacking, dismissal would not be warranted because timeliness is an affirmative defense).

Barton also argues that Nava has not properly pleaded a collective action under the FLSA, leaving Barton unable to determine the potential members of the collective action. Barton relies on a case from the Southern District of Iowa, which required the plaintiff to provide allegations related to putative class members' entitlement to relief. *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008). But that case is not binding on this Court, and courts in this district have found that all Nava needs to set forth is that other individuals employed by Barton were not properly paid overtime wages within the limitations period. *See Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 WL 1719793, at *2 (N.D. Ill. May 15, 2012) (allegations that plaintiff and colleagues regularly worked over forty hours per week were sufficient to plead collective action); *Sanchez*, 2012 WL 13514, at *4 (allowing collective action allegations to proceed where complaint alleged that other individuals were not paid for the work they performed on a project). Issues related to the viability of a collective action, including potential differences among class members, are appropriate for the certification stage. *Sanchez*, 2012 WL 13514, at *4.

---

the issue further. *See United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.").

Finally, Barton contends that it cannot identify the Plaintiff in this action, as the complaint identifies the Plaintiff as "Oscar Nava" but the summons lists his name as "Oscar Nava-Canchola." According to Barton, its records reflect that it employed an "Oscar Nava" from July 2006 to April 20, 2008 and an "Oscar Canchola" from April 28, 2008 to July 17, 2015" but that these individuals were employed under different social security numbers and birth dates. This, according to Barton, requires Nava to file a more definite statement to address the Plaintiff's identity. Nava responds that the confusion arises from the Hispanic custom of using two last names and that the individual identified in the caption of the complaint and the summons is the same person. The Court finds that this is not an issue to be resolved at the motion to dismiss stage or in an additional statement but rather is something to be addressed by the parties in discovery and, if need be, at the summary judgment stage when the Court may consider whether Barton can demonstrate that the named Plaintiff was not actually employed by Barton during the relevant time period. The Court is confident that the parties can resolve this identification issue on their own, however. If Nava determines that substitution of parties is required, Nava should file a motion for leave to do so.

Date: January 11, 2016                              /s/___Sara L. Ellis_____